LAND, J.
 

 Camille Dugas was convicted in the court below on a charge of assault with intent to commit robbery on January 21, 1929, and was sentenced to imprisonment at hard labor in the state penitentiary for a term of not less than seven nor more than fourteen years.
 

 Before sentence was imposed, the state, through the district attorney, filed in the lower court an information against the accused, Camille Dugas, under Act 15 of 1928, the Double Penalty Act, for the purpose of having the double penalty imposed.
 

 It is alleged in this information that on July 8, 1926, Camille J. Dugas, alias Specks, had pleaded guilty of “larceny from the person” and had been sentenced in the criminal district court for the parish of Orleans to a term of one year in the parish prison.
 

 It is further alleged'that this plea had been made under a bill of information filed in the criminal district court June 18,1926, charging Camille J. Dugas, alias Specks, with the crime of assault and robbery,' and that the said Camille Dugas, who was charged in the district court for the parish of Jefferson, is the same person as Camille J. Dugas, alias Specks, who was charged in,the criminal district'court for the parish of Orleans.
 

 The accused was arraigned on the information charging a prior conviction, and entered a plea of “not guilty.” The trial of this matter was set down, and, after hearing the evidence, the'court refused to impose the double penalty. From this judgment the state has appealed.
 

 On the trial, the state offered the information, together with the original record in the case in which the accused had been convicted and sentenced for assault with intent to rob, in the district court for the parish of Jefferson.
 

 
 *8
 
 The state also 'offered a certified copy of the information filed in the criminal district court for the parish of Orleans, together with the indorsements thereon, and rested its case.
 

 The judge of the Twenty-Fourth district court, in which the proceedings for double penalty were had, held that, as Oamille J. Dugas had been convicted the first time in another court, the criminal district court for the parish of Orleans, and that, as the state' had failed to identify him as being the same Camille Dugas convicted in the Twenty-Fourth district court for the parish of Jefferson, the evidence was not sufficient to justify the court in imposing a double sentence, and refused to do so.
 

 The state takes the position in this case that the filing of the informations, both from the Twenty-Fourth judicial district court for the parish of Jefferson and the criminal district court for the parish of Orleans, together with the verdicts in the cases, was proof of the matters and things set out in the information charging a prior conviction; that this proof made out a prima facie case against the accused, Oamille Dugas; and that, under Act 15 of 1928, the burden of proof was then shifted upon the accused.
 

 It is provided in Act 15 of 1928 that, for the purpose of imposing a double penalty, the court shall cause the accused to be brought before it, and “shall inform him of the allegation contained in such information
 
 and of Ms rigM to be tried as to the truth thereof according to law,
 
 and shall require such offender to say whether he is the same person as charged in said information or not.
 
 If he says that he is not the same person,
 
 or refuses to answer or remains silent, his plea, or the fact of his silence shall be entered of record and the Judge shall fix a day to inquire whether the offender
 
 is the same person
 
 mentioned in the said records, as set forth In such information. If the Judge finds that he is the same person, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the Court shall sentence him to the punishment prescribed in said Sections 2 or 3, as the case may be, etc.”
 

 The plea of “not guilty,” entered by the accused to the information charging a double penalty against him, not only raised an issue of fact as to the accused’s -alleged prior conviction, but also as to his alleged identity.
 

 Under Act 15 of 1928, the burden of proof clearly rests upon the state, when his identity is denied by the accused. The proceeding to impose a double penalty is by information, is criminal in character, and the penalty to be inflicted is severe. As Act 15 of 1928 does not provide for prima facie proof in such a proceeding, but declares that the accused shall have the right to be tried “according to law,” the state must prove by competent evidence, to the satisfaction of the trial judge, not only such prior conviction as is required by the statute, but also the identity of the accused.
 

 It is therefore ordered that the judgment appealed from be affirmed.