319 So.2d 434 (1975)
STATE of Louisiana
v.
Clarence Louis CURTIS, Jr.
Nos. 56238, 56408.
Supreme Court of Louisiana.
October 1, 1975.
*435 G. William Jarman, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Douglas P. Moreau, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
The defendant was convicted after a trial by jury of theft of a thing of value of $500 or more, a violation of La.R.S. 14:67. Upon conviction the defendant was sentenced to ten years imprisonment. Subsequent to sentencing defendant was adjudged a multiple offender. The ten year sentence was annulled and set aside and defendant was then sentenced, in accordance with the Habitual Offender Law, La. R.S. 15:529.1, to twenty years imprisonment. Upon these appeals, consolidated for argument in this Court, defendant urges four errors as a basis for reversal of his conviction of theft and one error in support of his argument that his adjudication as an habitual offender and the sentence imposed thereon should be reversed. While we find no error in connection with the trial on the merits for the charge of theft and the consequent conviction, we find merit in defendant's assignment of error relative to the trial court's ruling upon the habitual offender hearing and the sentence imposed in connection therewith and, accordingly, we set aside that ruling and sentence.
In connection with the appeal from the theft conviction, docketed as No. 56,238, the four errors assigned will be considered seriatim.

ASSIGNMENT OF ERROR NO. 1
This assignment of error complains of the trial court's action in overruling a defense objection to testimony on behalf of the complainant regarding the value of the item stolen, a 1972 Chevrolet pick-up truck. Defendant contends that the witness' statement regarding the truck's value constitutes opinion evidence and, hence, is inadmissible in the absence of a showing that the witness possesses knowledge of the market price and condition of the property.
In State v. McCray, 305 So.2d 433 (La.1975), we held that absent a showing that the owner lacks knowledge of the value of a movable, his testimony regarding its value is generally admissible; the weight to be accorded such testimony becomes an issue for jury resolution.
Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
In response to a question by the State, a police officer witness began to testify regarding technical aspects of fingerprint analysis. Defendant objected, arguing that since the witness was not qualified as an expert, he was not competent to testify about these specialized matters. Defendant then moved that the officer's statement be stricken. The trial court declined to strike the statement but proceeded *436 to instruct the jury to disregard the witness' comment, in view of the fact that he apparently had not been qualified as an expert.
The thrust of defendant's complaint is that the State interrupted the remarks of the court which encompassed the admonition to the jury, thereby preventing the court from completing its admonition. The following colloquy appears in the transcript and reveals the source of defendant's complaint:
"[Defense Counsel]:
"Your Honor, then I'd like to move that the last statement where Officer Tillman mentioned the number of points that they got in the print, or the number necessary, that that particular portion be stricken. I think prior to that time he was testifying as to what he did.
"THE COURT:
"Well, I don't strike testimony, counsellor, but I'll instruct the jury that since this witness has not apparently been qualified at this point as being an expert, that any testimony tending to indicate any opinion, expert opinion, should be disregarded by you gentlemen, including the witness' last comment, if it tends to
"Q:
Let me ask you
"[Prosecutor];
I'm sorry, Judge.
"Q:
Have you had some fingerprint training? I mean you don't analyze fingerprints, do you?
"A:
No, sir.
"* * *."
Thereafter, the witness concluded his testimony, relating the taking of the fingerprints from the truck; no further objection on the part of the defendant appears.
We are of the opinion that the trial court's prompt favorable ruling upon defense objection and his immediate instruction to the jury to disregard any opinion testimony of the witness was sufficient to cure any error which existed. The State's interruption which prevented completion of the instruction and the consequent incomplete state of the admonition did not prejudice the defendant so as to warrant reversal of his conviction.

ASSIGNMENT OF ERROR NO. 3
This assignment of error is based on the defendant's objection made at the time that the trial court denied his motion to suppress an inculpatory statement. Defendant complains that the arresting officers' failure to apprise him of his rights when they took him into custody in Plaquemine, Louisiana, before their return to the Auto Theft Bureau of the Baton Rouge City Police Department, rendered the inculpatory statement inadmissible. In brief defendant complains that the fact that he refused to talk to the two officers together tends to show that he did not choose to confess a crime and argues that the two police officer witnesses testified from a report jointly prepared and not from independent personal recollection of the statements made to them. Defendant concludes that these facts show that the State has failed to meet its affirmative burden of proving the free and voluntary nature of the statements.
Defendant is wholly incorrect in his assertion that the mere failure to advise him of his rights at the time of the imposition of custody renders his subsequent statement, given after he was fully advised of his rights, involuntary. Nowhere does defendant contend that any statement used against him was made to the police prior to the time that the officers read the Miranda rights and ascertained that he understood *437 them. Under the circumstances, defendant has failed to show that the trial court erred in ruling his statements admissible.
Defendant's allegation in brief that the officer witnesses testified solely from their jointly prepared report, and not from independent recollection, wholly lacks support in the record. One of the two testifying officers did state that he had read the report earlier on the day of trial, before coming to court, but there is no indication that the testimony given did not result from personal recollection.

ASSIGNMENT OF ERROR NO. 4
During the State's examination of a police officer witness, the prosecutor asked a series of questions concerning a coat to which he referred. After the prosecutor asked a few questions about the coat, he attempted to ascertain whether the witness had personal knowledge of how the defendant got the coat. At this point, defense counsel remarked, "Objection, Your Honor. I want to plead surprise to the entry of this particular piece of evidence. I'd like to approach the bench." (Emphasis supplied.) After an off-the-record discussion between the court and counsel, the prosecutor withdrew the question and tendered the witness. No further objection by the defendant appears in the record; nevertheless, defendant presents this assignment of error, alleging that the trial court committed reversible error when it failed to admonish the jury regarding statements made by the prosecutor about the coat worn by the defendant, "* * * even though the most damaging question was withdrawn."
There was no defense request for an admonition of the jury nor do we discover any reason for admonition under La.C.Cr.P. art. 771.
Assignment of Error No. 4 has no merit.
In connection with case No. 56,408, the defendant specifies as error the trial court finding that he was a multiple offender in the face of the State's failure to offer evidence that he was the same person as the individual whose records were introduced to show defendant's prior felony convictions.
At the hearing held to determine defendant's status as an habitual offender, the State attempted to call the defendant to the stand. When the defendant refused to testify, the State argued that it was entitled to the benefit of a presumption that the defendant was the same man whose records reflected the many prior convictions. The State introduced bills of information and certified copies of minute entries which showed that one Clarence Louis Curtis, Jr. had been convicted on thirteen occasions of felonies. Although no other evidence was introduced the trial court determined the defendant to be an habitual offender on the basis of the evidence presented by the State, notwithstanding defendant's objection that the State had failed to make out a prima facie case against him.
La.R.S. 15:529.1 provides, in pertinent part:
"* * *
"F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the finger prints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence on the trial of any person for a second and subsequent offense of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under *438 the conviction stated and set forth in the certificate."
Nowhere does it appear that there exists a presumption such as the one so strenuously argued to the trial court in support of the State's position that the defendant should be adjudged an habitual offender. La.R.S. 15:529.1, subd. F. sets forth the elements of proof necessary for a prima facie case against a defendant charged under the Habitual Offender Law. The State did not offer into evidence any certificate of the warden containing the imprisoned person's name, photograph and fingerprints, as required by the statute.
Considering the State's failure to prove, in accordance with La.R.S. 15:529.1, that the defendant is the same person as the individual previously charged and convicted in the cases reflected by the evidence presented, we are constrained to reverse that finding and the sentence based thereon.
For the reasons stated, we affirm the defendant's conviction in No. 56,238 but reverse the trial court's adjudication of defendant as an habitual offender and the sentence imposed thereon in No. 56,408. The cause is remanded to the trial court for proceedings consistent with the foregoing opinion.