338 So.2d 662 (1976)
STATE of Louisiana
v.
Clarence Louis CURTIS, Jr.
No. 57946.
Supreme Court of Louisiana.
October 6, 1976.
Rehearing Denied November 5, 1976.
*663 G. William Jarman, Sanders, Miller, Downing & Kean, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Tim Screen, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Clarence Louis Curtis, Jr. was convicted after trial by jury of theft of property of a value in excess of five hundred dollars, a violation of La.R.S. 14:67, and was sentenced to serve ten years at hard labor. After sentence, the district attorney filed an information accusing defendant of prior felony convictions. La.R.S. 15:529.1. Defendant was subsequently adjudged a multiple offender; the ten-year sentence was annulled and set aside, and defendant was then sentenced to twenty years imprisonment. On appeal, this court affirmed the theft conviction but found that the state failed in its proof of the prior felony convictions as required by La.R.S. 15:529.1(F) and of the identity of defendant as the same person previously charged and convicted in the cases reflected by the evidence presented. Accordingly, we reversed the finding that defendant was a multiple offender, set aside the sentence imposed and remanded the case to the trial court. State v. Curtis, 319 So.2d 434 (La.1975).
On February 27, 1976, the matter was again heard in the trial court. At this hearing, the state filed properly certified *664 records of the Louisiana State Penitentiary containing the photographs and fingerprints of Clarence Louis Curtis. The trial judge found defendant to be a multiple offender and sentenced him to serve twelve years at hard labor with credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.
On this appeal, defendant claims that there was no proof of his identity as the same person convicted of the previous felonies. He argues that the properly authenticated prison records containing photographs and fingerprints, without other evidence of his identity as the Clarence Louis Curtis named in the prison records, is not sufficient proof under La.R.S. 15:529.1 for a finding that he is a multiple offender.
La.R.S. 15:529.1 requires proof of an accused's alleged prior felony conviction as well as his alleged identity. Moreover, the burden of proof rests with the state when an accused denies the allegation of the information or refuses to answer or remains silent. See State v. Dugas, 170 La. 5, 127 So. 345 (1930). While La.R.S. 15:529.1 permits the establishment of prima facie proof of a prior felony conviction by compliance with subsection (F),[1] necessary facts which permit enhanced punishment may also or instead be proved by other competent evidence. State v. Hill, 332 So.2d 475 (La.1976); State v. Montana, 332 So.2d 248 (La.1976); State v. Maduell, 326 So.2d 820 (La.1976). Once the state establishes a prior felony conviction, then it must offer proof that the accused is the same person who was convicted of the prior felony. The identity of the accused as the same person named in the prison record introduced must be established to the satisfaction of the trial judge. La.R.S. 15:529.1(D) so recites:
. . . If the judge finds that he has been convicted of a prior felony or felonies, . . . .
(Emphasis added.)
Consequently, the sole issue to be resolved is whether evidence was introduced upon which the trial judge could find that defendant is the same person as the previously convicted felon, Clarence Louis Curtis, named in the prison record.
Various methods of proof to establish identity have been recognized. We do not consider that identity of name of defendant and the person previously convicted is sufficient evidence of identity. Identification of the accused may be by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those in the prison record introduced, or by photographs contained in the duly authenticated record.[2] This court, in State v. Hardy, 174 La. 458, 141 So. 27 (1932), considered photographs attached to the certificate of the warden of the state penitentiary sufficient evidence in themselves of identification, without the evidence of fingerprints. In State v. Morris, 222 La. 480, 62 So.2d 649 (1952), the properly authenticated penitentiary records, together with photographs and fingerprints of the person imprisoned, were considered sufficient proof under La.R.S. 15:529.1, the court noting that defendant offered no testimony.
Likewise, in the instant case, we conclude that where the state has complied with the requisites of subsection (F) which includes photographs of a person with the *665 same name as defendant in the habitual offender proceedings and defendant has offered no evidence to the contrary, there is sufficient evidence for the trial judge to make a comparison between defendant's appearance and the photographs in the prison record, and thereafter conclude that defendant is the same person named in the prison record as having been convicted of the prior felony. Under these circumstances, defendant's identity, for the purpose of La.R.S. 15:529.1, was properly established. Hence, the trial judge correctly found defendant to be a multiple offender.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Subsection (F) of La.R.S. 15:529.1 provides as follows:

The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the finger prints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence on the trial of any person for a second and subsequent offense of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.
[2] See Annot., 11 A.L.R.2d 870 (1950; L.C.S. 1971).