345 So.2d 23 (1977)
CITY OF MONROE, Respondent,
v.
Gerry W. FRENCH, Relator.
No. 58728.
Supreme Court of Louisiana.
April 11, 1977.
Rehearing Denied May 13, 1977.
*24 Thomas W. Davenport, Jr., Davenport, Files, Kelly & Marsh, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Larry Lolley, City Atty., for plaintiff-respondent.
TATE, Justice.
The defendant French was convicted of driving while intoxicated, second offense. La.R.S. 14:98C (1968). As required by the enhanced punishment provided for a second offense, he was mandatorily sentenced to imprisonment of 125 days; he was also fined $500.
Certiorari was granted, 339 So.2d 356 (La. 1976), to review the defendant's conviction. His two assignments of error are directed at the state's defective proof of a prior (first) conviction for the offense, a pre-requisite element for his conviction as a second offender.
Before the defendant may be held guilty, the state is required to prove this first conviction beyond a reasonable doubt. "The plea of not guilty throws upon the state the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute defendant's guilt." La.R.S. 15:271 (1968). See also La.C.Cr.P. art. 804, subd. A(1).
In the present instance, the state first introduced evidence from which the trial judge concluded that the accused had driven while intoxicated on the present occasion. The state then attempted to prove, over objection, a previous conviction of the accused for the offense of driving while intoxicated.
The state's evidence was certified copies of a bill of information and minutes showing that on March 15, 1976, a "Gerry W. French" was convicted of the offense in the district court for Rapides Parish. Beyond this proof, the state made no attempt to prove that the accused (Gerry W. French) of Alexandria (in Rapides Parish) was the same person as the Gerry W. French shown by the exhibits to have been earlier convicted of driving while intoxicated.

(1)
The defendant's first assignment of error is directed to the trial court's allegedly erroneous admission of these exhibits.
The defendant objected to their admissibility, on the ground that these exhibits were not relevant, in the absence of proof that the person shown by them to have been convicted was the same person as the defendant. The trial court overruled this objection, as going to the weight rather than the admissibility of the exhibits.
The trial court erred in this ruling.
In Louisiana, proof that a person of the same name has been previously convicted does not constitute prima facie evidence that the two persons are the same. State v. Curtis, 338 So.2d 662 (La.1976); State v. Curtis, 319 So.2d 434 (La.1975). The state must additionally offer proof that the accused is the same person as the defendant previously convicted. State v. Curtis, cited above, at 338 So.2d 664. See Also Annotation, 11 A.L.R.2d 870, Section 9 (1950) and Later Case Service (1971).
In this instance, therefore, the evidence of the other conviction was not relevantly admissible, in the absence of proof that the person convicted was the same *25 person as the defendant.[1] Since, if connected up with the defendant, the exhibits were admissible, the trial court's proper ruling was to admit the exhibits, conditioned upon subsequent proof of the connecting facts proving identity. See McCormick on Evidence, Section 58 (2d ed. 1972).
The trial court therefore erred in overruling the accused's objection and in admitting this evidence unconditionally, without requiring the state to prove (then or subsequently) the requisite connexity of identity. The defendant's conviction must therefore be reversed, and the case remanded for a new trial.

(2)
By his second assignment of error, however, the defendant urges that he is entitled to be acquitted, in that the trial court incorrectly denied his motion for acquittal of the second-offense element of the crime charged. La.C.Cr.P. art. 778 (1975). By this contention, the defendant argues that no evidence at all proves his guilt of driving while intoxicated, second offense. The proof that a Gerry W. French was earlier convicted of driving while intoxicated does not, in short, prove the present Gerry W. French's guilt.
We have earlier agreed that, by itself, this evidence does not relevantly prove the accused's guilt of this essential element of the crime. However, the erroneous admission over objection of some evidence tending to prove guilt entitles the accused on appellate review to a new trial, not to an acquittal.
The contention that erroneously admitted evidence is no evidence, such as to justify the appellate reversal of a trial court's denial of a motion for acquittal, overlooks that the reviewing court does not accept the record as if the erroneously admitted evidence were deleted. The evidence in the appellate record of a prior conviction of a person of the same name is "some" evidence of the accused's prior conviction, even though (in this case) erroneously admitted over objection, due to the lack of connecting foundation.
We cannot say that there is no evidence of a first conviction, only that the evidence of such prior conviction was improperly admitted over the defendant's objection.
Accordingly, we do not find merit to the defendant's second assignment of error. Cf. also State v. Butler, 322 So.2d 189, 194 (1975).

Decree
For the reasons set forth, we find that, by virtue of his first assignment of error, the defendant's conviction and sentence must be set aside, and this case remanded for a new trial in accordance with law.
REVERSED AND REMANDED.
DIXON, J., concurs. "Gerry W. French's" conviction is not irrelevant, but until there is evidence that the French's are identical, an essential element of the offense is lacking.
DENNIS, J., concurs for the additional reason that the trial judge, by ruling that the defendant's failure to take the stand "automatically converted" the prima facie case made by the city's introduction of documents to a proof beyond a reasonable doubt, shifted the ultimate burden of persuasion upon an essential element of the offense in violation of due process under the state and federal constitutions. Mullaney v. Wilbur, 421 U.S. 684; State v. Searle, 339 So.2d 1194.
NOTES
[1] The defendant points out that not infrequently a father and a son of the same name live at the same address, and that, in an age of an ever more multitudinous and mobile population, identical names of different persons are not uncommon, nor is a conviction in Rapides Parish of a person of the same name of the defendant necessarily evidence even that this convicted person was a resident of Rapides Parish (as is the accused).