487 So.2d 485 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Glenn SAVOY, Defendant-Appellant.
No. CR 85-824.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
*486 J. Isaac Funderburk, Funderburk, Conque & Herpin, Abbeville, for defendant-appellant.
Robin Rhodes, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, FORET and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in finding that the State had proved the prior convictions of the defendant for purposes of finding him guilty of a charge of third offense driving while intoxicated.
Glenn Savoy (hereinafter referred to as defendant) was charged with operating a motor vehicle while intoxicated, third offense. Defendant waived a trial by jury and the case was tried before a judge alone. After finding the defendant guilty as charged, the trial judge sentenced the defendant to serve two (2) years imprisonment without hard labor, one (1) year of which was to be without benefit of probation, parole or suspension of sentence. Defendant timely appeals. We reverse the conviction and sentence.

FACTS
On March 18, 1983, a bill of information was filed charging defendant with the operation of a motor vehicle on a public highway while under the influence of alcoholic beverages on or about March 1, 1983. The bill further alleged that defendant:
"... on or about the 31st day of May, 1979 did willfully and unlawfully operate a motor vehicle on a public highway while under the influence of alcoholic beverages and was convicted of said charge on the 18th day of Sept., 1979 in the 15th Judicial District Court, Lafayette, La.
[and]
on or about the 17th day of March, 1981 did willfully and unlawfully operate a motor vehicle on a public highway while under the influence of alcoholic beverages and was convicted of said charge on the 17th day of June, 1981 in the City Court, Lafayette, La."
During the trial, and for the purpose of establishing proof of the two prior convictions of defendant for driving a motor vehicle while intoxicated, the State introduced into evidence an extract of the minutes of the Fifteenth Judicial District Court, dated September 18, 1979 (State's Exhibit Number 1), and an extract of the minutes of the City Court of Lafayette, dated June 17, 1981, a copy of the Bill of Information, a copy of the Waiver of Rights form, and a copy of the traffic ticket for that charge (State's Exhibit Number 2 in globo). Defendant's objections to the introduction of both of these State exhibits, on the ground that the exhibits were not relevantly admissible, were overruled by the trial judge.
The State then called Mr. Isaac Funderburk, defendant's attorney in the present case, to testify as to his prior representation of defendant. Defendant's objection *487 to Mr. Funderburk being forced to testify concerning his representation of defendant in the matter evidenced by State's Exhibit Number 2 (the prior conviction of the defendant in the City Court of Lafayette) was overruled by the trial judge. Mr. Funderburk testified that his client, the defendant in this case, was also his client and the defendant convicted of driving while intoxicated in that Lafayette City Court case.
Following the close of the State's case in chief, defendant entered a Motion for a Judgment of Acquittal which was denied by the trial judge. The defendant then rested his case without presenting any evidence. The trial judge found defendant guilty as charged of third offense driving while intoxicated. Defendant appeals his conviction, alleging the following assignments of error:
(1) The trial court erred in admitting into evidence State's Exhibit Number 1;
(2) The trial court erred in admitting into evidence State's Exhibit Number 2; and
(3) The trial court erred in relying on State's Exhibit Number 1 as proof of a prior conviction of defendant for driving while intoxicated.
Since we find that defendant's third assignment of error has merit and requires a reversal of his conviction and sentence, we will not discuss the defendant's first and second assignments of error.

ASSIGNMENT OF ERROR NUMBER 3
In his third assignment of error, defendant contends that the trial court erred in relying upon the State's Exhibit Number 1, which is an extract of the minutes of the Fifteenth Judicial District Court, dated September 18, 1979, as proof of one of the defendant's two prior convictions of driving while intoxicated. Defendant argues that State's Exhibit Number 1 did not prove a prior conviction of defendant for driving while intoxicated because the State failed to prove that the defendant, whose name was shown in those minutes as Glenn J. Savoy, was the same person as the defendant on trial for driving while intoxicated, third offense.
Whenever a defendant enters a plea of not guilty, the State then has the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant's guilt. LSA-R.S. 15:271. Two essential elements of the crime of driving while intoxicated, third offense, are two prior convictions. State v. Krause, 405 So.2d 832 (La.1981).
In City of Monroe v. French, 345 So.2d 23 (La.1977), the Louisiana Supreme Court stated:
"In Louisiana, proof that a person of the same name has been previously convicted does not constitute prima facie evidence that the two persons are the same. State v. Curtis, 338 So.2d 662 (La.1976); State v. Curtis, 319 So.2d 434 (La.1975). The state must additionally offer proof that the accused is the same person as the defendant previously convicted. State v. Curtis, cited above, at 338 So.2d 664. See Also Annotation, 11 A.L.R.2d 870, Section 9 (1950) and Later Case Service (1971)." City of Monroe v. French, 345 So.2d 23, at page 24 (La. 1977).
Various methods may be used to prove that the defendant on trial is the same person whose name is shown as the defendant in the evidence of a prior conviction, such as by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver's license number, sex, race and date of birth. See, State v. Curtis, 338 So.2d 662 (La.1976); State v. Westbrook, 392 So.2d 1043 (La.1980). However, the mere fact that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. State v. Curtis, supra.
In this case, the State made no effort whatsoever to show the identity between the defendant on trial and the Glenn *488 J. Savoy who previously pled guilty to driving while intoxicated in the Fifteenth Judicial District Court, on September 18, 1979, as shown by the State's Exhibit Number 1. In relying upon the State's Exhibit Number 1 as evidence of a prior conviction, the trial judge apparently relied on State's Exhibit Number 2 to establish the connection of identity between the defendant on trial and the person whose name was shown in State's Exhibit Number 1. In State's Exhibit Number 2 (the Bill of Information from the charge of driving while intoxicated in the City Court of Lafayette, dated June 17, 1981), the prior September 18, 1979 conviction was only shown in the Bill Of Information for the purpose of charging the defendant in the Lafayette City Court with driving while intoxicated, second offense. However, the record also shows that this charge of second offense driving while intoxicated in the City Court of Lafayette, dated June 17, 1981, was amended from second offense driving while intoxicated to first offense driving while intoxicated with all references to the first conviction being removed by amendment from the Bill of Information, to which the defendant herein, Glenn J. Savoy, entered a plea of no contest. Because the defendant only pled no contest to first offense, driving while intoxicated and since the removal by amendment of all reference to a prior conviction of Glenn J. Savoy for driving while intoxicated in the Fifteenth Judicial District Court from the Lafayette City Court Bill of Information, this amended Bill of Information filed in the Lafayette City Court could not be used as proof of identity of the defendant as having a prior conviction for driving while intoxicated on September 18, 1979 in the Fifteenth Judicial District Court.
For these reasons we find that the State failed to prove that defendant herein was the same person who previously pled guilty to the charge of driving while intoxicated, as shown by the State's Exhibit Number 1. Consequently, we find the State failed to prove beyond a reasonable doubt one of the elements necessary to convict the defendant of third offense driving while intoxicated.
For the foregoing reasons, the defendant's conviction and sentence are reversed and set aside.
CONVICTION AND SENTENCE REVERSED AND SET ASIDE.