753 So.2d 321 (2000)
STATE of Louisiana
v.
Sandra M. ANDERSON.
No. 99-KA-1407.
Court of Appeal of Louisiana, Fourth Circuit.
January 26, 2000.
*323 Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff-Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant-Appellant.
(Court composed of Judge WILLIAM H. BYRNES, III, Judge MOON LANDRIEU, Judge JAMES F. McKAY, III).
WILLIAM H. BYRNES, III, Judge.
On July 19, 1996, the defendant, Sandra Anderson, was charged by bill of information with purse snatching in violation of La. R.S. 14:65.1. The defendant entered a plea of not guilty at her arraignment on July 23, 1996. After a motion hearing on September 23, 1996, the trial court found probable cause and denied defendant's motion to suppress identification. A jury trial was held on February 13, 1997. The defendant was found guilty of simple robbery. On June 13, 1997, the defendant filed a motion for new trial, a motion for post verdict judgment of acquittal and a motion in arrest of judgment. The trial court sentenced defendant to serve five years at hard labor on September 12, 1997. The State subsequently filed a multiple bill of information alleging the defendant to be a fourth felony offender. A multiple bill hearing was held on August 28, 1997. Testimony from Officer Loosemore was taken that date and the matter was left open. On September 19, 1997, the trial court adjudicated the defendant to be a fourth felony offender and sentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.[1] The trial court granted defendant's motion for appeal and set a return date of November 17, 1998.
The appeal record was lodged in this Court on June 7, 1999. The defendant filed her appellate brief on September 28, 1999. On October 18, 1999, this Court ordered the trial court to consider the defendant's post-trial motions filed on June 13, 1997. The trial court denied defendant's post-trial motions on October 25, 1999. The State filed its appellate brief on November 17, 1999.
On May 18, 1996, Mrs. Caroline Christenberry was walking home from the dry cleaners when the defendant approached her and asked for directions. Mrs. Christenberry was across from her house at 932 Governor Nicholls Street. After Mrs. Christenberry gave the defendant directions, the defendant grabbed Mrs. Christenberry's purse. Mrs. Christenberry did not let go of the purse, and the defendant dragged her over the steps of a neighbor's house. The victim injured her head and her ribs. She let go of the purse and the defendant ran off. Mrs. Christenberry called for help. Mr. Robear ran out of his yard. Mrs. Christenberry told him that the defendant had stolen her purse and pointed out the defendant to Mr. Robear. The defendant was approximately twenty feet from Mrs. Christenberry and *324 Mr. Robear. Mr. Robear pursued the defendant. Mrs. Christenberry and Mrs. Robear followed behind them. As Mrs. Christenberry and Mrs. Robear approached Rampart and Barracks Streets, they saw that Mr. Robear had apprehended the defendant and retrieved Mrs. Christenberry's purse. Mrs. Christenberry stated that she had several twenty dollars in her purse, which were not there when Mr. Robear retrieved the purse. Mrs. Christenberry identified the defendant at trial as the person who robbed her.
Mr. Ronald Robear, Mrs. Christenberry's next door neighbor, testified that he and his wife were working in their garden at approximately 11:30 a.m. on May 18, 1996. At about that time, they heard Mrs. Christenberry screaming for help. He walked outside his gate. Mrs. Christenberry pointed to a woman running down the street and told him that the woman had stolen her purse. The woman was approximately twenty feet from them. Mr. Robear pursued the woman. She ran past Rampart Street to St. Claude Avenue and turned right. Mr. Robear yelled at the woman to drop the purse. As she was running, she was taking items out of the purse and throwing them on the ground. She then threw the purse on the ground. Mr. Robear stopped to pick up the items and the purse. He put the items back in the purse and continued his pursuit of the woman. He was eventually able to apprehend her. A security guard at a nearby funeral home lent him a pair of handcuffs to restrain the woman. After he apprehended the woman, he met up with his wife and Mrs. Christenberry near the intersection of Rampart and Barracks Street. They called for the police and waited for the police at a nearby church. Mr. Robear identified the defendant at trial as the person he pursued and apprehended. The witness stated that he received injuries to his feet as a result of the incident. He had been barefoot when he heard Mrs. Christenberry's call for help and had run through the streets barefoot. He underwent two surgeries to repair the injuries to his feet.
Officer Patrick Evans responded to the call on May 18, 1996. When he arrived on the scene, the defendant was in handcuffs and sitting inside a church. The officer took statements from Mrs. Christenberry and Mr. Robear. The officer later learned that Mrs. Christenberry had suffered a broken rib as a result of the incident.
A review of the record for errors patent reveals several errors. The first error occurred when the trial court failed to rule on defendant's post-trial motions prior to sentencing. The defendant filed a motion for new trial, a motion for post verdict judgment of acquittal and a motion in arrest of judgment on June 13, 1997. However, the trial court failed to rule on the motions prior to sentencing the defendant on September 12, 1997. The trial court did not rule on the motions until October 25, 1999, after being ordered to do so by this Court. The trial court denied defendant's motions on October 25, 1999. Defendant's sentence must be vacated and the case remanded for resentencing because the sentence was imposed before the motions were disposed of in violation of La.C.Cr.P. arts. 821, 853 and 873. State v. Randolph, 409 So.2d 554 (La.1981); State v. Smith, 553 So.2d 934 (La.App. 4 Cir.1989).
The trial court also committed error when it adjudicated the defendant to be a fourth felony offender. Initially, the State filed a multiple bill of information alleging the defendant to be a fourth felony offender. However, on August 28, 1998, the date of the first multiple bill hearing, the State filed an amended multiple bill alleging defendant to be a third felony offender. The State produced documentation supporting the allegations of the amended bill at the multiple bill hearing on August 28, 1998. After the testimony of Officer Loosemore and the introduction of evidence of defendant's prior convictions, the trial court recessed the hearing and *325 stated that the matter would be held open. On September 17, 1998, a subsequent multiple bill and sentencing hearing was conducted. The trial court adjudicated the defendant to be a fourth felony offender and sentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. As the State only produced evidence of two prior convictions at the multiple bill hearing, the trial court erred in adjudicating the defendant to be a fourth felony offender. The evidence supported an adjudication of a triple offender. However, the trial court's error does not affect the defendant's sentence. The multiple offender statute, La. R.S. 15:529.1, mandates that a third offender, whose present offense or a prior offense was a crime of violence under La. R.S. 14:2(13), be sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. In the case at bar, the defendant was convicted of simple robbery. Simple robbery is considered a crime of violence. La. R.S. 14:2(13).
The other errors occurred when the trial court sentenced defendant under the multiple bill of information. The trial court failed to vacate the original sentence imposed on September 12, 1997, when he sentenced the defendant to life imprisonment under the multiple bill on September 17, 1998. The trial court must vacate the original sentence before imposing sentence under the multiple bill. La. R.S. 15:529.1(D)(3). Such error requires that the defendant's sentence under the multiple bill be vacated and the matter remanded for resentencing. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346. The trial court also failed to state that the defendant was entitled to credit for time served. However, the commitment form, signed by the trial judge and dated September 17, 1998, stated that the defendant was entitled to credit for time served.
The defendant avers that the trial court failed to advise her that, under La. C.Cr.P. art. 930.8, she had three years from the date her conviction was final in which to file for post conviction relief. However, the Louisiana Supreme Court has held that La.C.Cr.P. art. 930.8, subd. C is "supplicatory language and does not bestow an enforceable right upon an individual defendant." State ex rel. Glover, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189; State v. Guy, 95-0899 (La. App. 4 Cir. 1/31/96), 669 So.2d 517, writ denied 96-0388 (La.9/13/96), 679 So.2d 102. Thus, the trial court's failure to advise the defendant of the limitations period requires no action by this court.
In her first assignment of error, the defendant contends that the State failed to prove her identity in one of the alleged prior offenses listed in the multiple bill of information. The defendant alleges that the State failed to prove that she was the same person who pled guilty to forgery in February of 1992.
In State v. Henry, 96-1280, p. 7 (La. App. 4 Cir. 3/11/98), 709 So.2d 322, 325, this court stated:
To obtain a multiple offender conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. State v. Hawthorne, 580 So.2d 1131 (La.App. 4 Cir. 1991). Various methods are available to prove that the defendant on trial is the same person convicted of the prior felony offense, such as by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver's license number, sex, race and date of birth. State v. Westbrook, 392 So.2d 1043 (La.1980); State v. Curtis, 338 So.2d 662 (La.1976); State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ den. 538 So.2d 590(La.1989); State v. Savoy, 487 So.2d 485 (La.App. 3rd Cir.1986). The mere *326 fact that the defendant on trial and the person previously convicted have the same name does not constitute sufficient evidence of identity. Curtis, 338 So.2d at 664. In State v. Westbrook, 392 So.2d 1043 (1980), the supreme court found that along with defendant's name, his driver's license number, sex, race, and date of birth were sufficient evidence for the State to carry its burden of proving that this defendant was the same person previously convicted of another felony.
In Henry, the State was unable to produce the fingerprints for one of the predicate offenses listed in the multiple bill of information. However, the State showed the person convicted in the prior offense had the same bureau of identification number, the same date of birth, and the same social security number as the defendant. This court concluded that the State produced sufficient proof of the defendant's identity as the person convicted in the prior offense.
In State v. Neville, 96-0137 (La.App. 4 Cir. 5/21/97), 695 So.2d 534, writ denied, 97-1637 (La.12/12/97), 704 So.2d 1180, the defendant was charged with having three prior convictions. The State presented fingerprint evidence to link the defendant to two of the prior convictions, but it was unable to present any fingerprint evidence as to a 1989 simple escape conviction. This court found the State's evidence supported the trial court's finding of identity as to the 1989 offense. The court noted that the name, date of birth, and social security number of the offender on the arrest registers pertaining to each of the three prior convictions were the same. This court also noted that evidence of a 1985 conviction was introduced at the trial on the 1989 escape, and the State was able to match the fingerprints pertaining to the 1985 offense to those taken from the defendant.
In the present case, the defendant contends that since the fingerprints of the bill of information for the forgery conviction were not suitable for identification, the State failed to meet its burden. However, the State produced the arrest register for the offense. The arrest register contained fingerprints that Officer Loosemore was able to identify the fingerprints as belonging to the defendant. In addition, the State was able to match the arrest register with the certified copy of the forgery conviction through the defendant's name, date of birth, date of offense, case number and complaint's name. In addition, defendant's name, date of birth, social security and bureau of identification number was the same as the person who pled guilty to forgery in February of 1992. Thus, the State met its burden in proving that the defendant was the same person who pled guilty to forgery in February of 1992. The State produced sufficient evidence to support its allegations that the defendant was a third felony offender. This assignment is without merit.
The defendant also argues that the sentence imposed was unconstitutionally excessive and that the trial court failed to consider State v. Dorthey, 623 So.2d 1276 (La.1993), in determining the appropriate sentence. Defendant cannot pursue these arguments on appeal as the defendant failed to file a motion to reconsider sentence or orally object to the sentence imposed. See La.C.Cr.P. article 881.1.
In her last assignment of error, the defendant contends that her trial counsel was ineffective for failing to file a motion to reconsider sentence and/or orally objecting to the sentence imposed.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify *327 consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir.1986); State v. Landry, 499 So.2d 1320 (La.App. 4 Cir.1986).
The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
As a third felony offender convicted of a crime of violence, the defendant faced a mandatory life sentence under the multiple offender statute. Defense counsel's failure to file a motion to reconsider a mandatory sentence cannot be considered ineffective assistance of counsel. Further, defendant has not produced any evidence to suggest that she was entitled to a lesser sentence. Defendant's prior convictions included theft between one hundred and five hundred dollars, two counts of cruelty to a juvenile and forgery. In the present case, the defendant was charged with purse snatching and convicted of simple robbery. The victim stated at trial that the defendant pulled her over several steps in the defendant's attempt to steal her purse. The elderly victim suffered injuries to her head and ribs. This assignment is without merit.
Accordingly, defendant's conviction is affirmed. Defendant's original sentence, as well as the adjudication and sentence as a fourth offender, are vacated, and the matter is remanded for resentencing.
CONVICTION AFFIRMED; MULTIPLE OFFENDER ADJUDICATION REVERSED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.
LANDRIEU, J., concurs with reasons.
LANDRIEU, J., concurring with reasons.
I concur in the majority's affirmation of defendant's conviction and in the remand for resentencing. However, in addition to the defect in sentencing noted by the majority, I also believe the defendant was inadequately represented at her multiple offender sentencing hearing.
The defendant was convicted of simple robbery after she stole the victim's purse. The trial judge originally sentenced the defendant to five years on this predicate conviction. The State then charged defendant with being a fourth time offender, but as noted by the majority, successfully identified defendant as having committed only two prior offenses. Those two convictions are for cruelty to a juvenile, to which defendant pled guilty in 1986 and received a suspended sentence of two years in parish prison, and forgery in the amount of $208.00, to which she pled guilty in 1994 and received a sentence of six months imprisonment.
Considering the nature of these offenses, I believe the failure of defendant's counsel to give reasons and to make the argument that the trial court should depart *328 from the mandatory minimum life sentence under the guidelines expressed in State v. Dorthey, 623 So.2d 1276 (La.1993), and his failure to move for reconsideration of the sentence, constituted ineffective assistance of counsel.
NOTES
[1] The docket master and minute entry of September 17, 1997, state that the defendant pled guilty to the multiple bill, the trial court vacated the original sentence imposed and resentenced defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. However, the transcript of the hearing held on September 17, 1997, indicates that the defendant did not plead guilty to the multiple bill. The transcript reveals that the trial court determined that the defendant was a fourth felony offender. In addition, the transcript reveals that the trial court did not vacate the original sentence prior to sentencing the defendant to life imprisonment under the multiple bill of information. When there is a conflict between the minute entry and the transcript, the transcript controls. State v. Jones, 557 So.2d 352 (La. App. 4 Cir.1990).