JOY COSSICH LOBRANO, Judge.
| defendant, Cornell B. Cavalier, appeals his conviction of attempted possession of cocaine and subsequent adjudication as a third felony offender, for which he received a ten-year sentence. For reasons that follow, we affirm Defendant’s conviction, vacate his sentence, and remand to the trial court for resentencing.

PROCEDURAL BACKGROUND

On August 23, 2011, the State of Louisiana charged Defendant with possession of cocaine, in violation of La. R.S. 40:967(C)(2), and charged Derrick Slade with possession of drug paraphernalia. On September 7, 2011, the State entered a nolle prosequi on the charge against Slade. On December 12, 2011, the court found probable cause to substantiate the charge against Defendant and denied his motion to suppress the evidence.
On July 10, 2013, Defendant filed a pro se motion to dismiss, which the trial court denied.[1] On September 27, 2013, the Louisiana Supreme Court denied Defendant’s request for supervisory review.[2]
|¡>On October 4, 2013, Defendant was found guilty of attempted possession of cocaine, after a bench trial. On October 23, 2013, the defense filed post-trial motions for new trial and for post-verdict judgment of acquittal. That same day, the State filed a multiple bill charging Defendant as a third felony offender.[3]
On October 24, 2013, the post-trial motions were considered “moot” as per a court minute entry. The trial judge then sentenced Defendant to two years hard labor for attempted possession of cocaine. That same day, following the trial on the multiple offender bill, the trial judge vacated Defendant’s two-year sentence and re-sentenced him as a double offender to ten years with credit for time served to run concurrently with any other sentence.
*1121 On March 21, 2014, Defendant filed a pro se application for post-conviction relief requesting an out-of-time appeal, which the trial court granted on March 25, 2014. Defendant’s appeal was lodged in this Court on June 4, 2014.
By order dated August 13, 2014, this Court ordered the trial judge to rule on Defendant’s motions for post-verdict judgment of acquittal and new trial. The following day, the trial court denied those motions. Pursuant to Defendant’s request, this Court sent him the record, and he subsequently filed a pro se brief.

FACTUAL BACKGROUND AND TRIAL TESTIMONY

New Orleans Police Department (“NOPD”) Detective Sherife Davis testified at trial that he was conducting a proactive walking patrol of the Iberville Housing Project on April 7, 2011, and he observed “Cookie”, Slade, and Defendant enter an apartment building at 1423 Bien-ville. Det. Davis followed the | sthree subjects. When Det. Davis opened the hallway door, he saw Slade exit an apartment that Det. Davis knew to be vacant. Det. Davis explained that he knew the vacant apartment had been used for drugs and other criminal activity and that there were clearly marked signs indicating “No Trespassing.” Det. Davis arrested Slade and called the Housing Authority of New Orleans (“HANO”) Security and the NOPD for backup. Det. Davis searched Slade and seized a crack pipe. Shortly thereafter, Det. Davis saw Defendant exit the same vacant apartment. When Defendant saw Det. Davis, he became nervous and attempted to enter the occupied apartment across the hall, but the door was locked. Det. Davis arrested Defendant and Slade and issued a citation for criminal trespass on HANO property. Det. Davis also advised the Defendant of his Miranda rights. Defendant then voluntarily told Det. Davis that he was only in the apartment to get his jacket, which was on his arm. Incident to the arrest, Det. Davis searched Defendant and recovered a bag of what he suspected was cocaine from Defendant’s jacket right pocket.
Slade testified that he was with Defendant at the Iberville Housing Project on April 7, 2011. When Slade walked out of the abandoned apartment, he encountered Det. Davis, who arrested him and discovered drug paraphernalia[4] on him. Slade confirmed that Det. Davis patted Defendant down and recovered cocaine and added that he and Defendant had earlier shared Defendant’s cocaine in the vacant apartment.
Defendant testified that on the day he was arrested he was in the Iberville Housing Project on his way to retrieve his jacket from the apartment occupied by Ms. Bonanza Johnson. Upon exiting Ms. Johnson’s apartment, he was stopped by | ¿Pet. Davis. Det. Davis searched Defendant’s jacket and pulled out a packet of cocaine. Defendant denied any knowledge of or connection to the cocaine.
At trial, the State was allowed to offer into evidence the crime lab report of Analyst William Giblin which verified that the substance seized from Defendant was cocaine. The State informed the court that it filed its “Notice of Intent to Offer Into Evidence the State’s Criminalist Report as Prima Facie Proof pursuant to La. R.S. 15:499 et seq.” and that there had been “no objection filed to that notice.” Defense counsel objected to the lab report being admitted without the accompanying testimony of the analyst, noting only that she was not counsel of record at the time the State filed its notice of intent.

*1122
DISCUSSION

Defendant, through counsel, assigns one error: The trial court erred in allowing the State to introduce the crime lab report of Analyst Giblin, in violation of Defendant’s Sixth Amendment right under the Confrontation Clause to confront his accusers. Defendant also filed a pro se brief, assigning three errors, the first of which is dupli-cative of counsel’s first assignment of error: (1) that his right to confrontation was violated by the admission of the crime lab report; (2) that he was denied a fair trial when the trial court released a witness without defense counsel’s assent; and, (3) that the trial court erred by denying his motion to suppress.

COUNSEL ASSIGNMENT OF ERROR PRO SE ASSIGNMENT OF ERROR NUMBER 1

|RIn Defendant’s counseled and pro se assignment of error number one, he asserts that the trial court erred by allowing the State to introduce the analyst’s crime lab report, over objection by the defense, because a defense demand for the analyst to testify had, in fact, been properly made pursuant to La. R.S. 15:499-502 entitled “Evidence from Criminalistics Laboratories” (“Louisiana’s notice-and-demand statutes”). Defendant argues that the admission of the analyst’s lab report without cross-examination of the analyst was in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution.
The State argues that it complied with the statutory requirements of Louisiana’s notice-and-demand statutes when it filed its notice of its intent to offer into evidence at trial the analyst’s report as prima facie proof that the seized substance was cocaine and received no objection from the defense. Although the State acknowledges that the record indicates that the defense filed a demand for the analyst to testify at trial, it maintains that because the defense filed its demand for testimony prior to the State filing its notice, the defense failed to comply with the mandates of Louisiana’s notice-and-demand statutes; thus, the trial court did not err in allowing the lab report, rather than the testimony of the analyst, at trial.
Based upon the record before this Court, we find that Defendant waived his Sixth Amendment right of confrontation by failing to comply with the time limits and procedures set forth in Louisiana’s notice-and-demand statutes. The record evidences that the State was not properly served with Defendant’s demand for testimony after the State’s notice of intent was filed.
“The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant ‘to be confronted with the witnesses against him.’ The United States Supreme Court has held that this guarantee, which is extended to the States |fiby the Fourteenth Amendment, includes the right to cross-examine witnesses.” State v. Collins, 2010-0757, p. 21 (La.App. 4 Cir. 5/11/11), 65 So.3d 271, 285-86 (quoting Cruz v. New York, 481 U.S. 186, 189, 107 S.Ct. 1714, 1717, 95 L.Ed.2d 162 (1987)).
In Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment acts as an absolute bar on the admission of all out-of-court testimonial evidence unless (1) the witness who made the statement is unavailable to testify in court, and (2) the defendant had a prior opportunity to cross-examine the witness. Id. at 68, 124 S.Ct. at 1374. An analyst’s report and certification regarding forensic evidence is considered a testimonial statement and is subject to confrontation clause requirements because it was “ ‘made under circumstances which would *1123 lead an objective witness reasonably to believe that the statement would be available for use at a later trial.’ ” Melendez-Diaz v. Massachusetts, 557 U.S. 305, 311, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009), citing Crawford, 541 U.S. at 52, 124 S.Ct. 1354, 158 L.Ed.2d 177. If a report and certification are presented as evidence, then the person who is called for testimony and cross-examination on the evidence must have conducted or observed the tests on which the report and certification are based. Bullcoming v. New Mexico, 564 U.S. -, 131 S.Ct. 2705, 2714, 180 L.Ed.2d 610 (2011).
In Melendez-Diaz, the United States Supreme Court recognized that some states have notice-and-demand statutes that do not violate the Confrontation Clause because they do not shift the burden to the defendant to call the testing analyst to trial. 557 U.S. at 326-27, 129 S.Ct. at 2541. The Louisiana Supreme Court has held that Louisiana’s notice-and-demand statutes are such notice-and-demand 7statutes. State v. Cunningham, 2004-2200, p. 17 (La.6/13/05), 903 So.2d 1110, 1121 (reversing the lower court’s finding that notice and demand statutes were unconstitutional).
At the time of Defendant’s trial,[5] La. R.S. 15:499 provided that criminalistics laboratories were authorized to provide proof of examination and analysis of physical evidence by providing a certificate of the person making the examination or analysis. A party introducing a certificate of analysis under La. R.S. 15:499 must provide written notice of intent to offer proof by certificate not less than forty-five (45) days prior to trial. La. R.S. 15:501(A). A defendant may then demand that the person who conducted the examination or analysis testify by timely filing a written demand and serving it upon the district attorney within thirty (30) days of the receipt of the notice of intent. La. R.S. 15:501(B). If the certificate and notice comply with La. R.S. 15:499 and 15:501, then the certificate is admissible and considered prima facie evidence of the facts shown thereon, and as prima facie proof of proper custody of the physical evidence listed. La. R.S. 15:500. However, if a defendant makes a timely written demand for the testimony of the analyst who performed the test and the demand is filed in the court and served upon the district attorney, then the certificate is not prima facie evidence, and the analyst must testify to establish the test results. La. R.S. 15:501. Failure of |8a defendant to make a demand for testimony consistent with La. R.S. 15:501(B) waives his Sixth Amendment right under the Confrontation Clause. State v. Simmons, 2011-1280, p. 7 (La.1/20/12), 78 So.3d 743, 747.
The record in this case shows that Defendant did not comply with the procedure set forth in Louisiana’s notice-and-demand statutes. On March 29, 2012, Defendant’s then counsel, Attorney Thomas Hopkins, filed in the trial court a written demand for testimony entitled “Defen *1124 dant’s Demand that the State’s Criminalist Testify and Defendant’s Notice of Intent to Subpoena the State’s Criminalist to Testify at Trial Pursuant to La. R.S. 15:501.”[6] In the demand for testimony, the defense made a demand that the analyst testify, objected to the State of Louisiana’s notice that it intended to offer the analyst’s lab report as prima facie proof that the seized substance was cocaine, and notified the State of Defendant’s intent to subpoena the testimony of the analyst for trial.[7]
On April 2, 2012, the State filed in the trial court its “Notice of Intent to Offer Into Evidence the State’s Criminalist Report as Prima Facie Proof Pursuant to La. R.S. 15:499 et seq.” Attached to the notice was a copy of the lab report of Analyst William Giblin, which verified that the substance seized from Defendant was cocaine.
On April 4, 2012, defense attorney Hopkins subpoenaed Analyst William Giblin to testify at trial on May 7, 2012; however, trial was continued until June |r,29, 2012. Another subpoena was issued by the defense to secure the analyst’s appearance for trial on June 29, 2012.
On June 14, 2012, the trial court granted Hopkins’ motion to withdraw as counsel. Thereafter, additional continuances of trial were granted, and a series of attorneys were appointed to represent Defendant. Subsequently, Attorney Joyce Sallah was appointed to represent Defendant. After some additional delay, trial was held on October 4, 2013. At the commencement of trial, the prosecutor advised the trial court that the State had filed its notice of intent, informing Defendant of its intent to use the analyst’s report as prima facie proof that the drug confiscated from Defendant was, in fact, cocaine. The State informed the court that no objection had been made to the admission of the report, as was required by La. R.S. 15:501. Defense counsel objected, noting that she was not counsel of record at the time the State originally filed its notice of intent. Defense counsel, however, never stated that the basis of her objection was that the defense had earlier, albeit prematurely, filed a demand for the testimony of the analyst. Thus, the trial court noted Defendant’s objection but ruled to allow the State to introduce the lab report. At the conclusion of trial, as the State introduced its exhibits, defense counsel once again generically objected to the State’s introduction of the lab report. However, the trial judge again overruled her objection.
The State argues that it complied with the statutory requirements of Louisiana’s notice-and-demand statutes, La. R.S. 15:499 et seq., when it filed its notice to use the lab report and received no objection from the defense. The State maintains that Defendant’s filing of its demand for testimony was premature and failed to comply'with the mandates of Louisiana notice-and-demand statutes because the defense filed its demand prior to the State filing its notice; thus, the | intrial court did not err in allowing the lab report, rather than the testimony of the analyst, at trial. *1125 We agree with the State that the premature filing of Defendant’s demand for testimony is not in compliance with Louisiana’s notice-and-demand statutes.
The Louisiana Supreme Court case of State v. Simmons, 2011-K-1280, p. 7 (La.1/20/12), 78 So.3d 743, 747, makes clear that states are free to impose reasonable restrictions on a defendant’s assertion of his confrontation rights and a defendant’s failure to comply with those restrictions may result in the loss of those rights. Id. at p. 7, 78 So.3d at 747. Defendant’s failure to comply with the reasonable restriction of filing and serving upon the district attorney his demand for testimony after receipt of the State’s notice must result in the loss of his right to demand the analyst’s testimony under the Confrontation Clause.
“ ‘The defendant always has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the time within which he must do so. States are free to adopt procedural rules governing objections.’ ” Simmons, 2011-1280 at p. 5-6, 78 So.3d at 746 (quoting Melendez-Diaz, 557 U.S. at 327, 129 S.Ct. at 2541 (emphasis provided in Melendez-Diaz)). In Simmons, 2011-1280, 78 So.3d 743, a case decided under the pre-amended version of Louisiana’s notice and demand statutes,[8] a criminal defendant charged with possession with intent to distribute cocaine failed to adhere to the time limits imposed by La. R.S. 15:501, which at that time required a defendant to request a subpoena for the witness’s testimony at least 5 days prior to trial. Noting that the procedures set forth in La. R.S. 15:499 et seq., were nothing but a “formalized |nmeans of effectuating a stipulation to the admissibility of matters which often are not in dispute,” the Court stated:
“After the State has put the defendant on notice, the statute provides the defendant with a small procedural step which must be taken to exercise the right to confrontation. In essence, it is the defendant’s decision which dictates whether the State must produce the individual who prepared the report or whether the defendant will agree to use of the crimi-nalist’s report.”
Id. at p. 6, 78 So.3d at 746-47. The Court noted that, had the Simmons defendant taken the “small procedural step” of timely requesting a subpoena, such action would have rendered the lab certificate “useless” to the state as prima facie proof of its contents or of proper custody and the certificate would not have been admissible into evidence in lieu of the criminalist’s testimony. Id. at p. 7, 78 So.3d at 747. Additionally, it would then have been “incumbent upon the State to procure the attendance of the criminalist and to offer that testimony to establish the results of the examination”. Id. Having failed to comply with the reasonable requirements of the statute, i.e., the time limits set forth in La. R.S. 15:501, however, the defendant was deemed to have waived his confrontation rights with regard to the lab report and the trial court decision to admit the certificate in lieu of the analyst’s testimony was upheld. Id.
Louisiana’s notice-and-demand statutory provisions clearly contemplate that the State would file its notice of intent first, within forty-five (45) days of trial, and that the State’s action of filing the notice would then trigger Defendant’s right to demand the analyst’s testimony within thirty (30) days of receipt of that *1126 notice, in accordance with La. R.S. 15:501(B). It is a reasonable restriction imposed on Defendant’s assertion of his confrontation rights to require Defendant to file his | ii>demand for the criminalist’s testimony after the State had provided its notice of intent. Defendant did not properly invoke his right to demand the testimony of Analyst William Criblin as contemplated by La. R.S. 15:501.[9]
Defendant also failed to comply with the service requirement in La. R.S. 15:501(C). There is no evidence in the record that the defense actually served the demand for the analyst’s testimony upon the district attorney. Although La. R.S. 15:501(A) only requires the party seeking to introduce a certificate of analysis to “give written notice of intent to offer proof by certificate” to the opposing party, La. R.S. 15:501(C) specifically requires that the corresponding “[d]emand for the testimony of the person making the examination or analysis shall be filed and served by the counsel for the defendant, within thirty days of the receipt of the notice...” (emphasis added). The Louisiana Supreme Court in Simmons noted that a written demand for testimony of an analyst must be “filed in court and served on the district attorney.” ' Simmons, 2011-1280, p. 3, 780 So.Bd at 744. The record indicates that on March 29, 2012, Defendant’s demand for testimony was filed in court; however, there is no evidence in the record of proper service upon the State. Defense counsel’s certification made on the demand for testimony merely indicates that he forwarded the demand to the State “by facsimile and/or by email and/or by hand delivery and/or by duly placing a copy of same in the United States mail, postage prepaid and properly addressed” on March 28, 2012. Defendant failed to produce any evidence that the State was properly served with a demand for testimony as contemplated by La. R.S. 15:501(C).
| isThus, Defendant waived his Sixth Amendment right of confrontation by failing to comply with the time limits and service requirement set forth in Louisiana’s notice-and-demand statutes.
A further consideration in finding that Defendant failed to protect his confrontation right is that the defense counsel did not adequately explain the basis for the objection to the admissibility of the lab report. Louisiana Code of Criminal Procedure art. 841(A) requires that a defendant present the grounds upon which an objection is made, and a defendant is limited on appeal to those grounds made at the time of the objection. State v. Hayes, 2012-0357, p. 8 (La.App. 4 Cir. 1/23/13), 108 So.3d 360, 365. See also, State v. Jackson, 450 So.2d 621, 634 (La.1984)(de-fendant must state the basis for his objection to provide the trial judge with an opportunity to make the proper ruling and prevent or cure an error.) In the case sub judice, although the defense counsel twice objected to the lab report being admitted without the accompanying testimony of the criminologist, she never argued as a ground for her objection that a defense demand for the testimony pursuant to La. R.S. 15:501 had, in fact, been made. Instead, defense counsel objected generically to the lab report’s admission, noting only that she was not counsel of record at the time the State filed its notice. By failing to bring the nature of the objection to the lab report’s admission to the trial court’s *1127 attention, we find that this claim was not properly preserved for review.
The State properly complied with Louisiana’s notice-and-demand statutes by timely filing its notice of intent. Since the defense, however, failed to comply with the notice-and-demand statutes and failed to lodge an adequate objection at trial, we find that the analyst’s lab report was properly admitted into evidence by the trial court.
114These assignments of error have no merit.

PRO SE ASSIGNMENT OF ERROR NUMBER 2

By this assignment, Defendant complains that he was denied a fair and impartial trial. Specifically, Defendant maintains he was prejudiced' by the trial judge’s release of witness Derek Slade without defense counsel’s acquiescence.
The record indicates that at the end of defense counsel’s cross-examination of Slade when counsel indicated that she had no further questions, the trial judge excused Slade. Defense counsel next conducted a direct examination of Defendant. After Defendant was cross-examined by the State, the court allowed Defendant to leave the stand. Thereafter, the following exchange took place:
JUDGE:
Defense, do you have anything else?
DEFENSE COUNSEL:
Yeah. Mr. Slade is present? I did not excuse him, correct?
JUDGE:
He is gone; he has gone to his work release.
DEFENSE COUNSEL:
I didn’t release him Your Honor. I didn’t ask for him to be released. I was only asked about the officer. I apologize.
JUDGE:
The officer is gone too.
DEFENSE COUNSEL:
I know. I excused the officer, but I didn’t ask you—
PROSECUTOR:
|1RWe didn’t request that Mr. Slade be released, but the Judge released him and there was no objection and he stated it clearly on the record, Judge.
DEFENSE COUNSEL:
I was not asked—
PROSECUTOR:
He stated in on the record. It’s not my fault if you are not paying attention.
DEFENSE COUNSEL:
Judge, you did not ask me. Nobody asked me if he was to be released. The Judge asked me if the officer can be released, but the Court did not ask me if Derek Slade could be released.
JUDGE:
He is gone.
DEFENSE COUNSEL:
Note my objection, Your Honor.
JUDGE:
Anything else?
PROSECUTOR:
Just for the record, I don’t believe [defense counsel] subpoenaed Mr. Slade.
To show prejudicial error, a defendant must demonstrate that the absent witness’s testimony would have been favorable to his defense and the possibility of a different outcome if that witness were to testify. State v. Jefferson, 2004-1960, p. 33-34 (La.App. 4 Cir. 12/21/05), 922 So.2d 577, 601, citing State v. Duplessis, 2000-2122, p. 13 (La.App. 4 Cir. 3/28/01), 785 So.2d 939, 947. The jurisprudence holds that prejudicial error arises when the absent witness is “vital” to the defense. Id.; Duplessis, 2000-2122, pp. 13, 785 So.2d at 947.
*1128 |1(iIn the case sub judice, Defendant has made no such showing. The record shows that defense counsel cross-examined Slade during the State’s case in chief. She attempted to use Slade’s testimony that Defendant was wearing rather than carrying his jacket and that he was not one of the individuals whom Det. Davis claimed was part of the group who initially entered the house, to discredit Det. Davis’s account. Moreover, the record supports that defense counsel failed to object when the trial court informed the witness that he was excused.
This assignment of error has no merit.

PRO SE ASSIGNMENT OF ERROR NUMBER 3

By this assignment, Defendant complains that the trial court erred by denying his motion to suppress. He maintains that because his initial stop was illegal, the evidence thereafter obtained was the product of an illegal detention and should have been suppressed, as “fruit of the poisonous tree.” He cites Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), in support of his argument. Essentially, this doctrine serves to exclude from evidence the direct and indirect products of illegal police activity which violates, the Fourth Amendment.
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution protect persons from unreasonable searches and seizures. Thus, “while the police may briefly detain and interrogate an individual in a public place, they may make an investigatory stop only if it is based upon a reasonable, articulable suspicion that the individual has engaged in, is engaging in, or is about to engage in criminal activity.” State v. Dobard, 2001-2629, p. 3 (La.6/21/02), 824 So.2d 1127, 1129-30. See also La.C.Cr.P. art. 215.1 (a police officer “may stop a person in a public place whom he reasonably suspects 117is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.”); and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (the right to make an investigatory stop must be based upon reasonable suspicion that the individual has committed, or is about to commit, an offense). A reviewing court must take into account the “totality of the circumstances — the whole picture,” giving deference to the inferences and deductions of a trained officer that might well elude an untrained person. U.S. v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The court must also weigh the circumstances known to the police as understood by those versed in the field of law enforcement. Id.
A search made without a warrant issued on probable cause is considered unreasonable unless said search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 220, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). One such exception is a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), overruled in part by Arizona v. Gant, 556 U.S. 332, 335, 129 S.Ct. 1710, 1714, 173 L.Ed.2d 485 (2009). Such searches are justified by concerns of officer safety or the preservation of evidence and are limited to those areas within reaching distance at the time of the search. Gant, 556 U.S. at 351, 129 S.Ct. 1710. See also State v. Andrishok, 434 So.2d 389, 391 (La.1983) (in a search incident to a lawful arrest, officer may search suspect’s person and area within his immediate control in order to remove weapons and prevent evidence from being destroyed). An arrest is lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293, 296 (La.1985).
*1129 |18When reviewing a trial court’s ruling on a motion to suppress, an appellate court is not limited to evidence adduced at the hearing on the motion to suppress; it may also consider pertinent evidence given at trial of the case. State v. Robinson, 2008-0652, p. 20 (La.App. 4 Cir. 5/13/09), 11 So.3d 613, 624. A trial court’s findings on a motion to suppress the evidence are entitled to great weight, considering the district court’s opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Mims, 98-2572, p. 3 (La.App. 4 Cir. 9/22/99), 752 So.2d 192, 193-94. Nonetheless, its legal findings are subject to a de novo standard of review. State v. Thompson, 2011-0915, p. 14 (La.5/8/12), 93 So.3d 553; State v. Hunt, 2009-1589, p. 6 (La.12/1/09), 25 So.3d 746, 751. The State has the burden of proving the admissibility of all evidence seized without a warrant. Robinson, 2008-0652, p. 19, 11 So.3d at 624.
At the hearing on the motion to suppress, Det. Davis testified that he knew the area of the Iberville Housing Project very well because he had been assigned to patrol the area for three years prior to the arrest in this case. Because of the number of years he patrolled the area, he knew who lived in the project. He stated that Defendant did not live there. He also said he recognized Defendant as being in the area on prior occasions. Further, Det. Davis testified that he observed Defendant exit an apartment Det. Davis knew to be vacant. At trial, Det. Davis testified that abandoned apartments in the project were access-restricted and signed “No Trespassing”, and thus he detained Defendant after observing him exit the vacant apartment. Det. Davis said he arrested Defendant for trespassing on HANO property. Pursuant to the arrest, Det. Davis searched Defendant’s jacket and discovered the contraband.
hciDet. Davis articulated a reasonable, articulable suspicion that Defendant had engaged in criminal activity. State v. Dobard, 2001-2629, p. 3 (La.6/21/02), 824 So.2d 1127, 1129-30. Det. Davis arrested Defendant after determining he had probable cause that Defendant was trespassing on HANO property. Thereafter, Det. Davis searched Defendant incident to a lawful arrest, which is an exception to the warrant requirement for searches. State v. Andrishok, 434 So.2d 389, 391 (La.1983).
When there is no primary illegality, the “fruit of the poisonous tree theory” does not apply. See State v. St. Hill, 433 So.2d 395, 398 (La.App. 4 Cir.1983). Consequently, the trial judge was legally correct in not suppressing the contraband discovered on Defendant.
This assignment has no merit.

ERRORS PATENT

A review of the record reveals one patent error in that Defendant’s sentence was imposed before certain post-trial motions were disposed. The trial court did not dispose of Defendant’s timely-filed motions for post-verdict judgment of acquittal and for new trial, as required by La.C.Cr.P. arts. 821(A) and 853, respectively.[10] The trial court did not rule on the motions until after the October 24, 2013 sentencing, denying both motions on August 14, 2014.[11]
In State v. Anderson, 99-1407, p. 4 (La.App. 4 Cir. 1/26/00), 753 So.2d 321, 324, this Court noted that .the trial court’s *1130 failure to rule on the defendant’s timely-filed motions for new trial, post-verdict judgment of acquittal, and in arrest of | adjudgment until after sentencing constituted an error patent. This Court, citing State v. Randolph, 409 So.2d 554, 555 (La.1981), held that the error required that the sentence be vacated and the matter remanded for resentencing. In Randolph, the Louisiana Supreme Court acknowledged that the defendant had alleged no prejudice, but the Court stated that it is preferred, and La.C.Cr.P. art. 853 requires, that the trial court rule on a motion for new trial prior to sentencing. Randolph, 409 So.2d at 555. Similarly, La. C.Cr.P. art. 821(A) (motion for post-verdict judgment of acquittal must be filed and disposed of before sentencing), La.C.Cr.P. art. 853 (motion for new trial must be disposed of before sentencing) and La. C.Cr. P. art. 861 (motion in arrest of judgment must be filed and disposed of before sentencing), expressly require that a defendant’s post-trial motions be filed and disposed of before sentencing. Since Defendant’s sentence was imposed before the motions were disposed of in accordance with La.C.Cr.P. arts. 821, 853, 861 and 873 (sentence shall not be imposed until at least 24 hours after motion for new trial or motion in arrest of judgment is overruled), Defendant’s sentence must be vacated and the case remanded for resentencing.[12]

\9,CONCLUSION

Based on the above and foregoing and finding no reversible error, we affirm Defendant’s conviction and vacate Defendant’s sentence and remand for resen-tencing as discussed in the errors patent review.
LOMBARD, J., concurs in the result.

. The record contains no motion or indication that such a motion was denied. However, the record does reflect that a panel of this Court denied Defendant's request for supervisory review of the denial of his motion to dismiss. See State v. Cavalier, unpub., 2013-K-1004 (La.App. 4 Cir. 7/24/13).

. State ex rel. Cavalier, 2013-1862 (La.9/27/13), 123 So.3d 730.

.The multiple bill indicates that Defendant pled guilty to monetary instrument abuse (La. R.S. 14:72.2) and unauthorized use of a motor vehicle (La. R.S. 14:68.4) on August 8, 2008, in case number 05-08-0821 in East Baton Rouge Parish, and to simple robbery (La. R.S. 14:65) on June 17, 2002, in case number 429-202 in Orleans Parish.

. The officer recovered a clear glass pipe, with wire mesh and drug residue from Slade.

. The legislature amended La. R.S. 15:499 and 15:501 by Act 2010, No. 693, § 1, effective 8/15/2010, prior to the October 2013 trial in the present case. Prior to the amendment, the party seeking to use the certificate of analysis was required to give notice at least ten (10) days in advance of trial. Further, the opposing party had the right "to subpoena on cross-examination, the person who performed the examination or analysis of the evidence.” If the subpoena was requested at least five (5) days prior to the commencement of trial or the person subpoenaed responded to the subpoena, the certificate "shall not be prima fa-cie proof of its contents or of proper custody.” La. R.S. 15:501(B)(1). Act 2010 also eliminated former La. R.S. 15:501 (B)(2), which required defense counsel or the defendant making the request for a subpoena to certify that "the attorney or the defendant intends in good faith to conduct the cross-examination.”

. On March 28, 2012, Defendant’s then counsel, Attorney Thomas Hopkins, signed, dated and certified that he had forwarded a copy of “Defendant's Demand that the State’s Crimi-nalist Testify and Defendant's Notice of Intent to Subpoena the State's Criminalist to Testify at Trial Pursuant to La. R.S. 15:501”, to the District Attorney for Orleans Parish "by facsimile and/or by email and/or by hand delivery and/or by duly placing a copy of same in the United States mail, postage prepaid and properly addressed.” No evidence of a return of service is found in record.

. Although Defendant was no longer required by statute to subpoena the analyst for trial, defense counsel indicated in the demand for testimony that the defense would, in fact, subpoena said Analyst William Giblin. On two occasions, the defense did subpoena the analyst, but failed to do so on the day of trial.

. The Simmons Court found the pre-amended version of Louisiana's notice and demand statutes to be consistent with, and not superseded by Melendez-Diaz. Simmons, 2011-1280, p. 7, 78 So.3d at 747.

. Although Defendant was no longer required by the statute to subpoena the criminalist’s testimony for trial, defense counsel indicated in his demand filed pursuant to La. R.S. 15:501, that the defense would, in fact, subpoena said testimony. On two occasions, the defense did subpoena the criminalist, but failed to do so on the day of trial.

. A minute entry dated October 23, 2013 indicates that a hearing was held on post-trial motions but the motions were considered "moot.”

. This Court, by order dated August 13, 2014, ordered the trial judge to rule on Defendant’s motions for post-verdict judgment of acquittal and new trial. The following day, the trial court denied those motions.

. We recognize that in State v. Turner, unpub., 2008-KA-0265 (La.App. 4 Cir. 1/28/09), 999 So.2d 1262, this Court distinguished those cases where the trial court had never ruled on a motion for new trial from those where the trial court had ruled, albeit after sentencing and after the defendant's appeal was lodged. Finding that the trial court in Turner had eventually ruled on the motion for new trial after sentencing and the lodging of the appeal and that the defendant had not suffered any prejudice, this Court found the patent error harmless.
Although the trial court in this case did rule on Defendant's motions, in compliance with this Court’s August 13, 2014 order, and Defendant has alleged no prejudice as a result of the trial court’s failure to dispose of his post-trial motions prior to sentencing, this Court declines to apply Turner. In the more recent case of State v. Andrews, 2010-1020 (La.App. 4 Cir. 2/16/11), 61 So.3d 121, the trial court failed to dispose of a defendant’s timely filed motion for post-verdict judgment of acquittal prior to sentencing, as required by La.C.Cr.P. art. 821(A) but, as in this case, did rule on the motion after sentencing. Andrews, like Turner, concluded that the defendant had not been prejudiced by the trial court’s failure to rule on the motion until after his sentencing. Nevertheless, Andrews labeled Turner an anomaly, and decided instead to follow this Court’s precedent that the failure of a trial court to rule on the merits of a motion for new trial prior to sentencing constitutes an error patent on the face of the record and requires that the sentence be vacated and the case remanded for resentencing. Andrews, 2010-1020, p. 7-8, 61 So.3d at 125, citing State v. Melancon, 2001-1656, p. 3 (La.App. 4 Cir. 8/21/02), 826 So.2d 633, 636; State v. Allen, 99-2358, p. 4 (La.App. 4 Cir. 3/21/01), 788 So.2d 62, 65; State v. Powell, 2000-0484, p. 3 (La.App. 4 Cir. 1/24/01), 779 So.2d 67, 70. Adhering to Andrews, we find no reason to depart from precedent.