STATE OF LOUISIANA        *       NO. 2023-KA-0691

VERSUS                 *

                         **COURT OF APPEAL**

**ORLANDO BROWN**       *

                         **FOURTH CIRCUIT**

                *

                         **STATE OF LOUISIANA**

            * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 552-786, SECTION "C"
Honorable Benedict J. Willard
* * * * * *
**Judge Monique G. Morial**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)

**JENKINS, J., DISSENTS WITH REASONS**

JASON ROGER WILLIAMS
DISTRICT ATTORNEY-ORLEANS PARISH
Patricia Amos, Assistant District Attorney
619 S. White Street
New Orleans, LA 70119

       COUNSEL FOR STATE/APPELLEE

Lieu Thi Vo Clark
LOUISIANA APPELLATE PROJECT
P. O. Box 465
Mandeville, LA 70470-0465

       COUNSEL FOR DEFENDANT/APPELLANT

                **CONVICTIONS AFFIRMED;
                SENTENCES VACATED; REMANDED
                FOR RESENTENCING
                MAY 20, 2025**

*MGM*

*NEK*

Defendant, Orlando Brown ("Defendant"), appeals his sentences for attempted battery upon a dating partner involving strangulation in violation of La. R.S. 14:27 and 14:34.9(L), and third degree rape in violation of La. R.S. 14:43. For the following reasons, we affirm Defendant's convictions, vacate Defendant's sentences, and remand for resentencing.

## Statement of the Case

On November 9, 2021, the State of Louisiana filed a bill of information charging Defendant with battery upon a dating partner involving strangulation in violation of La. R.S. 14:34.9(L)(count one) and second degree rape in violation of La. R.S. 14:42.1(count two), for crimes committed on or about August 28, 2021. Defendant pled not guilty to the charges. The matter proceeded to a twelve-person jury trial on March 15, 2023. At the conclusion of trial, the jury found Defendant guilty of the responsive verdicts of attempted battery upon a dating partner involving strangulation in violation of La. R.S. 14:27 and 14:34.9(L) on count one, and third degree rape in violation of La. R.S. 14:43 on count two. Defendant filed a

1

motion for new trial on March 23, 2023, which the trial court denied on the same date. The State subsequently filed a bill of information alleging Defendant to be a multiple offender. Defendant moved to quash the multiple bill, which the trial court granted.

On March 30, 2023, Defendant filed a post-verdict judgment of acquittal. On that same date, the trial judge sentenced Defendant to eighteen months at hard labor for his attempted battery upon a dating partner involving strangulation conviction, and to twenty-five years at hard labor for his third-degree rape conviction, with the sentences to run concurrently. After sentencing, the trial judge denied Defendant's motion for post-verdict judgment of acquittal.

On May 1, 2023, Defendant filed a motion to reconsider sentence.[1] Defendant thereafter filed a motion for appeal, which the trial court granted on June 15, 2023.[2] The trial court failed to rule on the filed and pending motion for reconsideration of sentence before granting Defendant's motion for appeal. On December 1, 2023, approximately six months after the filing of the motion to reconsider sentence, the trial court denied Defendant's motion to reconsider sentence.

---

[1] There are two motions to reconsider filed in the record, discussed *infra*. The first motion to reconsider sentence was timely filed on May 1, 2023; the subsequent motion to reconsider sentence was filed untimely on June 14, 2023.

[2] There is a discrepancy in the record as to the date on which the motion for appeal was granted. The minutes reflect the motion for appeal was granted on June 14, 2023, whereas the order of appeal is signed "July" 15, 2023, with a handwritten notation dating the order as signed on June 15, 2023. This discrepancy does not affect our analysis of the issues on appeal.

## Facts

Defendant was in an "on-again, off-again relationship" with S.E.[3], the victim, for approximately eight years. In late August 2021, the pair had a disagreement and severed their relationship. S.E. testified that approximately two days after the break-up, she awakened to Defendant kicking her bed with a knife in each hand. He forced her into the bathroom where he placed a pillow over S.E.'s head and told her to get naked. S.E. testified that when she refused, Defendant began choking her, which brought her to her knees. S.E. refused several times, but Defendant forcibly removed her robe and forced her out of the apartment.

S.E. testified that she ran outside naked hoping to escape Defendant, but he forced her back inside the apartment. He walked her back into the bedroom, forced her onto the bed, and forced sexual intercourse. S.E. subsequently reported the crime to the police, and on September 11, 2021, Defendant was arrested for second degree rape and battery, involving strangulation, upon a dating partner.

## Law and Analysis

Initially, we note that the State, in its brief to this Court, contends that Defendant's appeal is untimely and should be dismissed. The State contends that Defendant failed to file a motion for appeal or a motion to reconsider sentence within thirty days from the date of the imposition of his sentence as required under La. C.Cr.P. arts. 881.1(A)(1)[4] and 914(B).[5]   However, a review of the record

_____

[3] In accordance with La. R.S. 46:1844(W)(1)(a), we will refer to Defendant's victim by her initials to protect her identity.

reflects that Defendant did in fact file a timely motion to reconsider sentence in accordance with La. C.Cr.P. art. 881.1(A)(1) within thirty days from imposition of sentence.[6]

Although Defendant did timely file his motion to reconsider sentence, the trial judge did not rule on that motion until December 1, 2023—after the trial judge granted the subsequently filed motion and order for appeal. We find that the trial judge erred in granting the motion for appeal prior to disposing of the motion to reconsider sentence and, consequently, Defendant's appeal was prematurely granted. However, the record on appeal has been supplemented with the trial court's subsequent December 1, 2023 ruling on Defendant's motion to reconsider sentence and the transcript from the hearing on the motion to reconsider sentence.[7] Under certain circumstances, a premature appeal need not be dismissed when "[d]ismissing the appeal would simply result in a delay of the appellate process,

---

[4] La. C.Cr.P. art. 881.1(A) provides:
>    A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

[5] La. C.Cr.P. art. 914(B) provides:
>    B. The motion for an appeal must be made no later than:
>    (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
>    (2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

[6] The trial court sentenced defendant on March 30, 2023, and Defendant filed his initial motion to reconsider on May 1, 2023. The last day of the thirty-day statutory period referenced in La. C.Cr.P. art. 881.1(A)(1) was April 29, 2023, which was a Saturday. La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law ... [t]he last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday." This Court has further found that, "[u]nder La. R.S. 1:55(A)(1) and (2), Sunday is a legal holiday, and, in certain parishes, including Orleans parish, Saturday is a legal holiday." *State v. Delatte*, 22-0218, p. 3 (La. App. 4 Cir. 5/11/22), 340 So.3d 157, 158. Thus, we find that Defendant's motion to reconsider sentence, filed on May 1, 2023, was timely filed. The record further reflects that Defendant filed a second motion to reconsider sentence on June 14, 2023, more than thirty days from imposition of his sentence. Therefore, the second motion to reconsider sentence filed was untimely. The record on appeal reflects that the trial judge failed to rule on Defendant's June 14, 2023 motion to reconsider.
[7] Under La. C.Cr.P. art. 916(3), the trial court maintained jurisdiction to rule on Defendant's motion to reconsider sentence after the appeal had been granted.

and hinder defendant's right to appeal." *State v. Landrieu*, 18-0964, p. 6 (La. App. 4 Cir. 6/12/19), 274 So.3d 661, 667 (quoting *State v. Martin*, 483 So.2d 1223, 1225 La. App. 4th Cir. 1986)); *see also State v. Washington*, 98-69, p. 4 (La. App. 5 Cir. 1/26/99), 727 So.2d 673, 675. Under the facts of this case, we decline to dismiss Defendant's appeal.

On appeal, Defendant challenges only the denial of his motion to reconsider sentence and the excessiveness of his sentence for his third degree rape conviction. Upon an errors patent review of the record on appeal, however, we find an error patent that requires this Court to vacate Defendant's sentences and remand to the district court for resentencing. Accordingly, we pretermit discussion of Defendant's assignments of errors on appeal.

## Errors Patent

Prior to reviewing the merits of this appeal, this Court is tasked with examining the record for any errors patent in accordance with La. C.Cr.P. art. 920. The record reflects the following error patent that requires corrective action:

The record reflects that the trial judge sentenced Defendant *before* ruling on his pending post-verdict judgment of acquittal. La. C.Cr.P. art. 821(A) requires that a motion for post-verdict judgment of acquittal "be made and disposed of before sentence." A trial court's failure to dispose of a timely filed motion for post-verdict judgment of acquittal is an error patent on the record requiring a defendant's sentence to be vacated, and the matter remanded for resentencing. Accordingly, we vacate Defendant's sentences and remand this matter to the trial court for resentencing. *See State v. Cavalier*, 14-0579, pp. 19-20 (La. App. 4 Cir. 6/9/15), 171 So.3d 1117, 1129-1130; *State v. Boyd*, 11-1129, p. 7 (La. App. 4 Cir. 11/21/12), 104 So.3d 642, 646; *State v. Ashford*, 03-1691, p. 7 (La. App. 4 Cir.

5

6/16/04), 878 So.2d 798, 802; and *State v. Anderson*, 99-1407, p. 4 (La. App. 4 Cir. 1/26/00), 753 So.2d 321, 324.[8]

## Decree

For the reasons provided herein, we affirm Defendant's convictions, vacate Defendant's sentences, and remand for the trial court to rule on Defendant's motion for post-verdict judgment of acquittal and for resentencing. Defendant's right to appeal any adverse ruling on his motion, or his new sentence, is preserved. *See State v. Short*, 22-263, p. 2 (La. App. 5 Cir. 2/27/23), 359 So.3d 1004, 1006. Moreover, because a review of the record reflects that a second written motion to reconsider sentence was filed on June 14, 2023, and not ruled upon, the trial court is hereby ordered to rule on the outstanding June 14, 2023 motion to reconsider sentence.

**CONVICTIONS AFFIRMED;
SENTENCES VACATED; REMANDED
FOR RESENTENCING**

---

[8] We pretermit discussion of any additional errors patent because Defendant's sentences are vacated by way of this opinion. Any additional errors patent concerning Defendant's sentencing are, thus, moot.